731 S.E.2d 595

**John DOE, Petitioner,**

**v.**

**STATE of South Carolina, Alan Wilson in his capacity as South Carolina Attorney General, and Mark Keel, in his capacity as Chief of SLED, Respondents.**

Appellate Case No. 2011–194686.

No. 27159.

Supreme Court of South Carolina.

Heard June 20, 2012.
Decided Aug. 15, 2012.

Desa A. Ballard and Stephanie N. Weissenstein, both of Ballard Watson Weissenstein, of West Columbia for Petitioner John Doe.

Attorney General Alan M. Wilson, Assistant Attorney General Jared Quante Libet, and J. Emory Smith, Jr., all of Columbia, for Respondent State.

Justice KITTREDGE.

This is a declaratory judgment action in the Court's original jurisdiction. Petitioner, who was adjudicated as a juvenile for sex crimes, seeks removal of his name from the sex offender registry. We grant relief in part, holding that a juvenile "adjudication" is the equivalent of a "conviction" under S.C.Code Ann. section 24–21–940 (2007), for purposes of entitlement to seek a pardon from the South Carolina Department

of Probation, Parole and Pardon Services (PPP). We dismiss without prejudice the balance of Petitioner's complaint.

Petitioner was adjudicated delinquent by the family court in 2003 of criminal sexual conduct (CSC) with a minor in the second degree and two counts of lewd act upon a child under sixteen. As a result, Petitioner was required to register as a sex offender. *See* S.C.Code Ann. § 23–3–430(A), (C)(2), (C)(11) (Supp.2011) (requiring a person adjudicated delinquent for the offenses of second-degree CSC and lewd act upon a child under sixteen to register on the sex offender registry).

Petitioner seeks removal of his name from the sex offender registry, which, under South Carolina's statutory scheme, requires that one receive a pardon.[1] It is stipulated by the State that Petitioner's request for a pardon was declined without consideration because PPP construed section 24–21–940 as not permitting his request because his juvenile adjudication did not constitute a conviction. *See* S.C.Code Ann. § 24–21–940(A) ("'Pardon' means that an individual is fully pardoned from all the legal consequences of his crime and of his *conviction*....") (emphasis added). The State's position in this regard is manifestly without merit, for there is no evidence that the legislature intended section 24–21–940(A) to allow only adult offenders the ability to ask for a pardon.[2] For purposes of section 24–21–940(A), a conviction includes a

---

1. We note that section 23–3–430(F)(2) contemplates an offender's removal from the sex offender registry by way of a pardon only if the pardon is based on a finding of not guilty specifically stated in the pardon.

2. Petitioner correctly asserts that the State's construction of section 24–21–940(A), if accepted, would render the statute, in conjunction with section 23–3–430, unconstitutional as an equal protection violation—that is, those convicted as an adult may seek a pardon whereas those adjudicated delinquent as a juvenile may not. We acknowledge that the legislature has recognized the distinction between a juvenile adjudication and an adult conviction in certain statutes unrelated to pardon eligibility. This distinction, consistent with longstanding policy concerning juveniles, has been implemented purposefully to shield juveniles from certain consequences that apply to those with an adult conviction. *See* S.C.Code Ann. § 63–19–1410 (Supp.2011) ("No adjudication by the [family] court of the status of a child is a conviction, nor does the adjudication operate to impose civil disabilities ordinarily resulting from conviction...."). Today's holding does not disrupt that distinction in any context aside from this specific one we address here.

family court adjudication. Thus, Petitioner is entitled to have his request for pardon considered by PPP. Because it would be premature to consider the balance of Petitioner's complaint, it is dismissed without prejudice.

**DECLARATORY RELIEF GRANTED IN PART.**

TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.